# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE ALEXANDER PRINDABLE, #462931, | ) )  ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 21-cv-00685-JPG ) |
| DR. MARCOWITZ, OFFICER RIVERA, C/O SERENO, NURSE MELODY, RICHARD WATSON, SERGEANT CHAMBERS, CITY OF BELLEVILLE, ILLINOIS, and R.N. TOM, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Luke Prindable, an inmate at St. Clair County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346, 2671-80. (Docs. 1, 1-1). In the Complaint, Plaintiff alleges that he suffered permanent injuries when he was denied emergency medical treatment for his "twisted" testicles beginning on May 23, 2021. (*Id*.). He seeks hospital treatment and monetary relief from the defendants. (Doc. 1, p. 7). The Court will screen this matter without delay. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief

1

must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations (Doc. 1, pp. 1-14; Doc. 1-1, pp. 1-8): On May 23, 2021, Plaintiff told Officer Rivera that his testicles were hurting badly, felt twisted, and required emergency treatment. (Doc. 1-1, p. 2). Rivera agreed to let Officer Sereno know about the issue. (*Id*.). When Sereno and Nurse Melody made rounds later that day, Plaintiff reported the same symptoms to them and requested emergency treatment. (*Id*.). They both laughed and asked Plaintiff how he twisted his testicles. (*Id*.). They declined to treat the condition as an emergency. (*Id*.). Nurse Melody told Plaintiff that she was not going to deal with the issue right then, and she instructed him to submit his complaint on a sick call slip. (*Id*.).

When Sereno passed by Plaintiff a little while later, Plaintiff informed the officer that his testicles were beginning to go numb, and he asked to speak with a sergeant about hospital treatment. (Doc. 1-1, p. 3). Sereno agreed to "see what he c[ould] do," but he never returned. (*Id*.). Although Plaintiff believes Sereno reported the issue to Sergeant Chambers, Plaintiff heard nothing from either one. Plaintiff instead reported the numbness to Officer Miller three times, but the officer ignored him each time. Plaintiff lost feeling in his testicles the same evening. (*Id*.).

On the morning of May 24, 2021, Plaintiff turned to Sergeant Everett for help. (Doc. 1-1, p. 4). Plaintiff provided the sergeant with a completed sick call slip, and Sergeant Everett agreed to report the issue to a nurse. Sergeant Everett then brought Nurse Tom to see Plaintiff, who complained of numbness and denied swelling or pain. After hearing Plaintiff's concerns, the nurse agreed to place Plaintiff on the list to see a doctor. The nurse also assured Plaintiff that his condition was normal but encouraged him to report any changes, such as swelling. (*Id*.).

Plaintiff did not see a doctor for two more days. (Doc. 1-1, p. 5). Meanwhile, he heard officers referring to "deez-nuts" as they passed by his cell. During this time period, he was also served meatballs for dinner. For three days, Plaintiff sat in his cell waiting to see a doctor and crying. (*Id*.).

On May 25, 2021, Plaintiff asked Officer Fulton when he would be seen. (Doc. 1-1, p. 6). Fulton explained that the doctor was out that day. Plaintiff also asked Nurse Melody for "a sick call," but she told Plaintiff that he could wait and should "stop freaking the f**k out." (*Id*.). Plaintiff pleaded for medical treatment, but the nurse simply acknowledged that "the doctor knows." (*Id*.).

Finally, on May 26, 2021, Plaintiff was taken to see Dr. Marcowitz after reporting the incident to Ms. Ginelle, Officer Futrelle, and Sergeant Kempf. (Doc. 1-1, p. 7). The doctor examined Plaintiff's testicles and concluded that they required no treatment at all. However, he instructed Plaintiff to report any changes to his testicles or other symptoms that developed. (*Id*.). Plaintiff submitted a sick call slip the same night to make it clear that he did not agree with the doctor's assessment. (Doc. 1-1, p. 8). As of June 5, 2021, he was unable to obtain treatment. (*Id*.).

### **Preliminary Dismissals**

Plaintiff refers to individuals or entities that are not identified as defendants in the Complaint, including Miller, Everett, Fulton, Ginelle, Futrelle, and Kempf. He cannot proceed with any claims against non-parties. *Myles v. United States*, 416 F.3d 551, 52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption."). All claims against these individuals should be considered dismissed without prejudice.

Plaintiff also identifies Richard Watson and the City of Belleville as defendants, but he sets forth no allegations against either one. Merely naming a defendant in the case caption is not

enough to state a clam against that person or entity. *Collins v. Kibort*, 143 F.3d 3313, 334 (7th Cir. 1998). To state a claim under Section 1983, a plaintiff must allege that a person acting under color of state law committed a violation of rights secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988). A supervisory official, like Sheriff Watson, cannot be held liable for the constitutional violations of subordinates based on a *respondeat superior* theory of liability because this theory of liability is not recognized under Section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Likewise, a municipality, such as the City of Belleville, cannot be held vicariously liable for the constitutional torts of its employees under Section 1983. *Monell v. Dept. of Social Security Servs.*, 436 U.S. 658 (1978). Given this, Sheriff Watson and the City of Belleville shall be dismissed without prejudice from this action.

## Discussion

Turning to the allegations in the *pro se* Complaint, the Court finds it convenient to designate the following enumerated counts:

**Count 1:** Eighth or Fourteenth Amendment claim against Defendants for denying Plaintiff medical care for testicular pain, twisting, and numbness beginning May 23, 2021.

**Count 2:** FTCA claim against Defendants for denying Plaintiff medical care for testicular pain, twisting, and numbness beginning May 23, 2021.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Count 1

The applicable legal standard for this claim is not yet clear and depends on Plaintiff's status as a pretrial detainee or convicted prisoner during the relevant time period. If he was a pretrial detainee when his claim arose, Count 1 is governed by the Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). If he was a convicted person, this claim is controlled by the Eighth Amendment deliberate indifference standard articulated in *Estelle v. Gamble*, 429 U.S. 97 (1976). Either way, the allegations suggest that each of the named defendants (other than Sheriff Watson and City of Belleville) responded to his serious medical complaints unreasonably or with deliberate indifference. Count 1 shall therefore receive further review against Defendants Dr. Marcowitz, Officer Rivera, Officer Sereno, Sergeant Chambers, Nurse Melody, and Nurse Tom.

### Count 2

The FTCA authorizes "civil actions on claims against the **United States**, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any **employee of the Government** while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). Put differently, the FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. Plaintiff did not name the United States, and his claims do not arise from misconduct of federal officials. Therefore, the FTCA provides him with no avenue to relief. Count 2 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### **Interim Relief**

In his request for relief, Plaintiff seeks hospital treatment for his condition. (Doc. 1, p. 7). However, he does not seek a temporary restraining order ("TRO") or a preliminary injunction.

(Docs. 1, 1-1). He also does not mention Rule 65(a) or (b) of the Federal Rules of Civil Procedure, which governs both. *Id*. Given that his claim arose a month before this action was filed, it is unclear whether he faces an emergency that necessitates a TRO, seeks interim medical treatment that requires a preliminary injunction, or no longer requires interim relief at all. The Court takes Plaintiff's complaints and his allegations of numbness very seriously. If Plaintiff deems interim relief necessary, he may file a separate "Motion for TRO and/or Preliminary Injunction Pursuant to Rule 65" at any time during the pending action. The motion should describe the exact relief he seeks and the reasons for his request.

### Motion for Recruitment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**, as he has described no efforts to find an attorney on his own before asking the Court to recruit counsel for him. Plaintiff should contact at least three attorneys or firms and request representation in this case. If his requests are denied and he is otherwise unable to represent himself, Plaintiff may renew his request for counsel by filing a new motion in this case. He should attach copies of all letters to and from those attorneys or firms that denied him representation. Alternatively, he should attach a list of the attorneys/firms he contacted, indicate the dates of each contact, state whether he sought representation for this case, and briefly describe the response he received.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against **DR. MARCOWITZ, OFFICER RIVERA, C/O SERENO, SERGEANT CHAMBERS, NURSE MELODY,** and **NURSE TOM** in their individual capacities.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against the **CITY OF BELLEVILLE** and **RICHARD WATSON** (individual capacity), and **COUNT 2** is

**DISMISSED** with prejudice against **ALL DEFENDANTS** for failure to state any claim for relief.

**IT IS ORDERED** that Sheriff Richard Watson shall remain named as a defendant in his official capacity for the sole purpose of carrying out any injunctive relief that is ordered herein. **Pursuant to Administrative Order No. 244, Defendants (other than Defendant Watson) need only respond to the issues stated in this Merits Review Order. Defendant Watson need only enter an appearance in this matter**

**The Clerk's Office is DIRECTED to TERMINATE the CITY OF BELLEVILLE as a party in CM/ECF. Because Count 1 pertains to medical issues, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to **COUNT 1**, the Clerk of Court shall prepare for **RICHARD WATSON (official capacity only), DOCTOR MARCOWITZ, OFFICER RIVERA, C/O SERENO, SERGEANT CHAMBERS, NURSE MELODY,** and **NURSE TOM**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as

directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 6/24/2021**

                                                               s/J. Phil Gilbert
                                                               **J. PHIL GILBERT**
                                                               **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.